## John E. Hyde *v.* Mississippi Sound Company.

The property of *insolvent corporations*, when sold by a commissioner for cash, must be appraised, and bring two-thirds of its appraised value, as in the case of property sold under execution.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
*Mott & Fraser*, for plaintiff.  *Bonford* and *Singleton & Clack*, for defendant and appellant.

LAND, J.  The opinion and decree of the District Judge are as follows :

" *J. E. Caldwell* alleges, that at a sale made by the Sheriff of the property of defendant, he became the purchaser of the hull and machinery of the steamboat Virginia ; that he paid the price of the adjudication, and possession of the property was delivered to him by the Sheriff; that since said sale, the Sheriff has

repossessed himself of said property, and has readvertised and is about to sell the said property again. The plaintiff in said rule, now moves the court, to compel the Sheriff to redeliver the possession of said property to plaintiff in rule, and to desist from all further proceedings in relation to the property. The Sheriff, for cause, alleges that the sale was made not in accordance with the order of court, and therefore null. On the 9th of December, 1858, an order was obtained for the sale of the hull and machinery of the said boat, after due and legal notice and appraisement.

" The hull and machinery were appraised at $8,000, and the plaintiff shows he purchased the same at $1,395, not two-thirds of the appraised value.

" The day of sale was fixed for the 22d of December, and there were two sales of different properties belonging to the defendants, on the same day. On the day of sale, the commissioner obtained an order to sell the ' goods and furniture' of said defendants, without regard to the appraisement. This order only has reference to the ' goods and furniture' of defendants, and not to the ' hull and machinery of the steamboat Virginia,' as erroneously supposed by the Sheriff. The order of the court of 9th December, 1858, was the only authority to the Sheriff to sell, and he was bound to obey said order. That order required the ' hull and machinery' to be sold for cash, the appraisement already having been made. The sale was to have been made with reference to the appraisement, and the property not bringing two-thirds of its appraised value, the adjudication was null. *Succession of Packwood*, 2 An. 96.

" It is, therefore, ordered, adjudged and decreed, that the rule taken herein by *J. E. Caldwell*, be dismissed, with costs."

In this decree there is no error. The 6th section of the Act of 1855, "*for the organization of corporations for works of public improvement and utility*," provides, that they shall forfeit their charter for insolvency, evidenced by a return of no property found on execution ; and, in such case, it shall be the duty of the District Court, at the instance of any creditor, to decree such forfeiture, and to appoint a commissioner for effecting the liquidation, whose duty it shall be to convert all the assets of the company, including any unpaid balance due by stockholders on their shares, into cash, and to distribute the same under the direction of the court, amongst the parties entitled thereto, *in the same manner, as near as may be, as is done in cases of insolvency of individuals.* Acts 1855, p. 184.

Article 2180 of the Civil Code provides, that all sales of property ceded to creditors, must be made *at the same terms* and *under the same formalities*, that property seized on execution is sold.

It seems clear, from these provisions of the law, that property belonging to *insolvent corporations*, must be *appraised*, and *bring two-thirds of its appraised value, at sales for cash*, as in the ordinary case of a sale on execution.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.